William J. Brewster, Appellant, *v.* George H. Wooster, Respondent.

Plaintiff's complaint alleged in substance and it appeared that plaintiff and others agreed to purchase of defendant certain goods and machinery, paying therefor in property. A greater part of the consideration was paid as agreed, and possession of the goods and machinery was transferred to the purchasers, defendant retaining title to the machinery to secure performance; with his consent the purchasers sold a portion of the goods. Defendant thereafter, while the contract was in force, claiming that the purchasers had not performed, took possession of the machinery and goods not disposed of by the purchasers and sold them to third persons. *Held,* that an action was maintainable to recover the value of the property transferred, without alleging or showing that plaintiff, prior to bringing the action, had restored or offered to restore the goods sold or their proceeds, or that a demand was made; that the action was based upon a rescission of the contract by defendant and an acceptance thereof by plaintiff; and so, the rule that a party seeking rescission must restore what he had received under the contract, did not apply; that defendant was simply entitled to be credited with the amount received by the purchasers for the goods sold by them; and that no demand was necessary, as it was defendant's duty, when he retook the property so sold by him and transferred it to third persons, to return the consideration received.

*Brewster* v. *Wooster* (26 J. & S. 10), reversed.

(Argued March 2, 1892; decided March 15, 1892.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 7, 1890, which overruled plaintiff's exceptions and ordered judgment in favor of defendant to be entered upon a decision of the court on trial without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William Henry Arnoux* for appellant. To determine whether a nonsuit is properly granted the court must construe the evidence most strongly against the defendant. (*Audubon* v. *E. Ins. Co.,* 27 N. Y. 216; *Forbes* v. *Chichester,* 125 id. 769; *Labar* v. *Koplin,* 4 id. 547; *People* v. *Cook,* 8 id. 67;

*Scofield* v. *Hernandez*, 47 id. 313; *Ernst* v. *H. R. R. R. Co.*, 35 id. 9–25; *Colegrove* v. *N. Y. & N. H. R. R. Co.*, 20 id. 492; *Dwight* v. *G. L. Ins. Co.*, 103 id. 341; *Clemence* v. *City of Auburn*, 66 id. 334; *Stackus* v. *N. Y. C. R. R. Co.*, 79 id. 464; *Hart* v. *H. R. B. Co.*, 80 id. 622; *Trustees, etc.*, v. *Cagger*, 6 Barb. 576.) It was error for the trial court in this action to take the case away from the jury and dismiss the complaint. (*Duffy* v. *O'Donovan*, 46 N. Y. 367.) The action pending was an action at law for damages resulting from the rescission of the contract by the defendant and the consent of the plaintiff thereto, and consequently the action was properly designated an action in rescission. (*Graves* v. *White*, 87 N. Y. 463; *Gould* v. *C. Bank*, 86 id. 75; 99 id. 333; *Vail* v. *Reynolds*, 118 id. 302; *Thayer* v. *Turner*, 8 Metc. 550; *Evans* v. *Gale*, 11 N. H. 573; *Krum* v. *Beach*, 96 N. Y. 398.) The court is bound by the pleadings, and if they state a cause of action which the proof sustains, the cause ought not to be dismissed; but as the defendant has put it out of his power to restore the property received, the court was bound to proceed with the case and give the plaintiff his damages. (*Margraf* v. *Muir*, 57 N. Y. 155.) If the proof established the cause of action set forth in the complaint, and the plaintiff had elected verbally on the trial to treat the action as something else, such election has no binding force or effect. (*Koehler* v. *Adler*, 78 N. Y. 287.)

*Thomas B. Browning* for respondent. The complaint must be treated as one for a rescission of the contract, and even though it may not contain all the allegations necessary to maintain such an action, it may be considered as amended, and no judgment can be given that is not consistent with the case so made by the complaint and within the issue. (Code Civ. Pro. § 1207.) In order to recover on the ground of rescission, the appellant must first restore to the respondent every benefit which he has received under the contract. (*Francis* v. *N. Y. & B. E. R. R. Co.*, 108 N. Y. 93; *Gould* v. *C. C. N. Bank*, 86 id. 75.) There is no evidence in the case upon which a

verdict in favor of the appellant could be sustained. (*Lynch* v. *Pyne*, 10 J. & S. 11 ; *Kehr* v. *Stauff*, 12 Daly, 115.)

*Per Curiam.*    We deem it unnecessary to refer in detail to the complicated transactions disclosed by the evidence.

The plaintiff in his complaint sought to recover of the defendant the value of certain real estate and chattels transferred by him to the defendant in part performance of a contract for the purchase by the plaintiff and two other persons, from the defendant, of a certain stock of goods and certain machinery owned by the latter, valued in the contract at $44,000.

The judge on the trial dismissed the complaint on the ground that the action was based on a rescission of the contract by the plaintiff and that it could not be maintained for the reason that the plaintiff had not restored to the defendant what he had received under the contract, and also that there was no allegation or proof of demand before bringing the action.

By the contract the purchasers, Brewster, Bateman and Brown, agreed to pay the defendant for the stock of goods and machinery the sum of $44,000, as follows : The plaintiff Brewster the sum of $17,000, by conveying to the plaintiff two specified houses and lots in the city of New York, subject to certain mortgages ; Bateman a like sum by the transfer of three other pieces of real estate, and Brown the sum of $10,000 "in satisfactory value." The original contract was subsequently modified and the time for payment by the purchasers extended.

The plaintiff gave evidence tending to show that he had fully paid his share of the purchase-money by the conveyance to the defendant of a house and lot in West 59th street, New York, and the transfer of houses and personal property, accepted in lieu of the other house and lot which he agreed to convey by the original contract ; that Bateman had conveyed to the defendant two houses and lots, and that Brown had paid in patents accepted by the defendant the sum of $10,000. The jury would have been authorized by the evidence to find that the purchasers had either in accordance

with the contract, or under substituted arrangements with the defendant, paid the greater part of the consideration for the property purchased.

The possession of the stock and machinery embraced in the contract of sale was transferred by the defendant to the purchasers, who sold a portion of the goods, receiving therefor about $900. The defendant, however, retained the title to the machinery as security for the full performance of the contract by the purchasers. The defendant, after the payments above mentioned had been made, claiming that the purchasers had not performed their contract, took possession of and sold to third persons all the stock and machinery embraced in the original contract, except the portion of the stock sold by the purchasers as above stated. The seizure and sale was made without the consent of the purchasers and while the contract was in force, since, although it was after the time originally fixed in the contract for performance by the purchasers, it was during a period over which the time had been extended by the agreement of the defendants.

The plaintiff offered to show that a few months after the defendant had received the conveyance from the plaintiff of the house and lot in West 59th street, and at or about the time of his retaking possession of the stock and machinery, he had deeded the premises to a third person. Many things were left unexplained in the case and there is much confusion in the evidence. But our duty here solely is to determine upon the view of the evidence most favorable to the plaintiff, whether the ruling dismissing the complaint upon the grounds stated, was correct. The defendant by seizing and selling the stock and machinery to third persons disabled himself from performing his part of the contract with the plaintiff and his associates. He assumed by that act to terminate and rescind the contract. He, however, retained the property transferred to him in part payment by the plaintiff, and by selling the 59th street premises and using or disposing of the horses and carriages, had disabled himself also from returning in specie the property received by him.

The plaintiff and his associates also having, while the con-
tract was subsisting, and by the consent of the defendant, sold
a portion of the goods delivered to him by the defendant,
could not return them. The defendant reclaimed and sold
the remainder of the goods and the machinery, upon the theory
that he had a right to rescind the contract and he could not
thereafter retain the consideration paid. He was not entitled
both to the property he sold and the property taken in payment.

Upon the case as presented the act of the defendant in
retaking and selling the goods and machinery, was as to the
plaintiff and his associates wrongful. They had severally con-
veyed individual property in payment of aliquot shares in the
purchase-money. The plaintiff does not by this action seek to
rescind the contract of sale for fraud or any other reason. If
that was the character of the action, or if it was founded on a
rescission by him, the restoration of all he had received under
it would be according to the general rule, a condition prece-
dent to its maintenance. (*Gould* v. *Cayuga Co. Natl. Bank*,
86 N. Y. 75; *Francis* v. *N. Y. & B. Elevated R. R. Co.*,
108 id. 93.)

What the plaintiff has done is to bring his action for the
consideration paid by him, based upon a rescission of the con-
tract by the defendant. He elects to accept the situation in
which the defendant has placed himself and treats the contract
as if the abandonment and rescission by the latter was binding
upon all parties. To such a situation the rule that a party
seeking rescission must return what he has received under it,
is inapplicable. The defendant has retaken and sold to other
parties the whole subject of the contract of sale, except the
small part of the goods disposed of by the purchasers, and
these were sold with the authority and consent of the defend-
ant. The purchasers cannot return this part in specie and
cannot restore the defendant to the precise situation in which
he was when the contract was made. They committed no
fault in selling the part of the goods sold by them, as this was
in accordance with the understanding and the contract between
the parties. The money received can be applied as so much

of the consideration returned to the purchasers, and the recovery limited to the excess.

It would be a useless form to require the plaintiff, before bringing the action, to pay or offer to pay the defendant the sum received for the goods sold by the purchasers. Whether the attempted rescission of the contract by the defendant was justified or not, or whether complete or not, the purchasers had a right to accept and act upon his theory of the situation. (See *Graves* v. *White*, 87 N. Y. 463.)

The case is novel and the facts are not easily ascertainable from the evidence. We confine our decision to two points: *first*, that under the circumstances disclosed it was not a defense that the plaintiff had not, before bringing the action, restored or offered to restore to the defendant the goods sold or their proceeds, and *second*, that no demand of the defendant was necessary to give a right of action, for the reason that the duty of the defendant to return the consideration received from the plaintiff arose when he retook the property for which the consideration was given and transferred it to third persons.

The judgment should be reversed and a new trial ordered.

All concur.

Judgment reversed.