(36 App. Div. 63.)

### HOLLISTER v. SIMONSON et al.

(Supreme Court, Appellate Division, First Department. January 13, 1899.)

**1. PARTNERSHIP—STATUTE OF FRAUDS—LAND CONTRACTS.**
The statute of frauds does not preclude a partner from enforcing a parol agreement with his co-partner concerning land which is partnership assets, and, as such, should be administered as personal property.

**2. SAME—MISCONDUCT—RESCISSION.**
Misconduct and mismanagement of a partner will not entitle the co-partner to rescind the partnership agreement, and recover his contribution. where the partner was guilty of no fraud when the agreement was made.

**3. SAME—DAMAGES—ACTION AT LAW.**
A partner cannot sue at law for damages caused by his co-partner's misconduct.

**4. SAME—ACCOUNTING.**
On a partnership accounting, a partner may be allowed damages sustained by him by reason of his co-partner's misconduct in selling partnership property, in violation of the partnership agreement.

Appeal from judgment on report of referee.

Action by George C. Hollister against William H. Simonson and others. Judgment for plaintiff on a referee's report, and defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

E. F. James, for appellants.
Franklin Pierce, for respondent.

VAN BRUNT, P. J. In the disposition of this appeal, in view of the conclusion arrived at by the appellate division of the Second department when the case was before that court upon appeal (45 N. Y. Supp. 426), it does not seem necessary to discuss at length the conclusions to be drawn from the evidence offered in this case in respect to the relations of the parties to this action to the enterprise in which they were held to be jointly engaged. The evidence is not substantially different, and the conclusion arrived at seems to be more than supported by the proofs. It was held upon the previous appeal that as a result of the transactions established by the evidence, although the plaintiff and the defendant Simonson were not partners in a strict legal sense, they were associates in a lawful undertaking, based upon an agreement, partly oral and partly in writing, the provisions of which were and are enforceable upon the principles of the law of partnership, one of which principles was that although partners do not, in the strict sense of the term, occupy the position of trustees towards each other and towards the firm funds, yet the position is one of a fiduciary nature, calling for the maintenance and exercise of the greatest good faith between them, and that there was an utter failure on the part of Simonson to observe the rule in the case at bar. Such being the case, it is manifest that the objection that, the subject-matter of the adventure being real estate, the statute of frauds would apply to any agreement between the parties in relation thereto, and that such agreement, unless in writing, could not be enforced, is untenable. The cases of Buchan v. Sumner, 2 Barb. Ch. 167, Collumb v. Read, 24 N. Y. 505, and Fairchild v. Fairchild, 64 N. Y. 471, clearly establish the rule that such real estate is to be treated, as between the partners interested, as personal property, and to be administered as such. In the case of Fairchild v. Fairchild, supra, the court say:

"Real estate purchased for partnership purposes, and appropriated to those purposes, and paid for by partnership funds, becomes partnership property; and it is not material in what manner or by what agency the land is purchased, or in what name it stands."

It was further held by the Second department that the plaintiff was entitled to be put as nearly as possible in the same position as though no sale of the premises had taken place, and that such sale should be set aside unless there were rights in the alleged purchasers, Winsor and Duckworth, which prevent that course from being taken. The court further held that, upon the evidence contained in the record before it, those defendants were not bona fide purchasers, and that the circumstances attending the sale and the manner of their acquiring title were such as to show that they were

acting merely in the interest of Simonson, and that there was no intention that they should take the title for their own benefit. There is no material variance between the evidence in respect to these transactions in the case at bar and that contained in the record before the court upon the previous appeal; and the evidence here fully justified the referee in holding that Winsor and Duckworth were not bona fide purchasers, but that the title was taken in the interest of Simonson.

These facts being established, the question arises as to what is the remedy of the plaintiff, and to what relief he is entitled. We think that the referee erred in holding that the plaintiff had the right to elect that the agreements between himself and Simonson might be rescinded because of Simonson's misconduct in reference to this sale, and that the plaintiff was entitled to recover back all his contributions of capital to the joint adventure. We have been unable to find any rule established by which, because of the misconduct of a partner, his co-partner can rescind the agreement of co-partnership, and recover back his contributions of capital, unless such misconduct consisted of gross fraud or gross misrepresentation, by which the plaintiff has been induced to enter into the co-partnership, so that there was fraud in the inception of the contract. In that case, upon the discovery of the fraud, a partner may repudiate the contract, and recover back his contributions. Story, Partn. § 232. But for misconduct in the management of the business of the concern, or violation of the partners' rights, the partner whose rights have been invaded by reason of the misconduct or negligence of his co-partner may, in an action in equity to settle the partnership affairs, recover damages from his co-partner which will compensate him for the loss sustained by such misconduct or negligence. But a co-partner cannot maintain an action at law for damages because of misconduct upon the part of his co-partner. Capen v. Barrows, 1 Gray, 376. The case of Brewster v. Wooster, 131 N. Y. 476, 30 N. E. 489, and similar cases, have no application to questions arising under co-partnership agreements. It seems to us that the learned referee has failed to observe the rule above stated in the conclusion at which he has arrived. He has allowed a recovery in this action as for money had and received upon the ground of rescission, which seems to be an erroneous rule in respect to controversies as between partners. The proper judgment would have been for an accounting as between these partners in respect to their co-partnership enterprise, upon which accounting the plaintiff could prove the damages which he had sustained by reason of the misconduct of the defendant Simonson in selling the property, in violation of his duties towards his joint adventure.

Applying these principles to the case at bar, it seems to us that the judgment should be modified by striking therefrom the provision for the recovery of the monetary judgment against the defendant Simonson, and also the provision giving the plaintiff a lien upon the premises in question to secure the payment of said monetary judgment; and that the judgment should be further modified

by making the same an interlocutory judgment, in which a referee should be appointed to take and state the accounts of the parties as between themselves, and to take proof, and allow to the plaintiff, Hollister, such damages as he has sustained by reason of the unjustifiable sale of the premises by Simonson; and, upon the coming in of such report, the court to make a decree in respect to the disposition of the co-partnership property and the final determination of the rights of the parties, the plaintiff to be entitled to costs for the trials in the court below and of the previous appeal, such costs to be allowed in the final judgment to be entered upon . the coming in of the report of the referee; costs of the present appeal to appellants to abide final event.    All concur.