(29 Misc. Rep. 142.)
### RUSHER et al. v. BRENNAN.

(Supreme Court, Appellate Term.   October 4, 1899.)

1. APPEAL—OBJECTIONS NOT RAISED BELOW.
   Failure to prove a material fact cannot be urged for the first time on appeal.
2. TRIAL—MOTION FOR NONSUIT—SPECIFICATION OF DEFECTS.
   To be effectual, a motion for a nonsuit or to dismiss must specify the defects supposed to exist.
3. EVIDENCE OF MATERIAL FACT—SUFFICIENCY—WHEN REVIEWABLE.
   Unless the insufficiency of evidence to prove a material fact is raised by a motion for a nonsuit or dismissal at the close of the case, it cannot be urged against the judgment on appeal.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Walter D. Rusher and another against Charles M. Brennan. Judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Benjamin Yates and Leopold Leo, for appellant.
Hugo S. Mack, for respondents.

LEVENTRITT, J.   The plaintiffs had recovery for brokerage on the sale of real estate. The only reason urged against the validity of the judgment is failure of proof respecting the value of the services rendered by the plaintiffs. There are several reasons why the judgment cannot be successfully assailed.

In the first place, the motion to dismiss the complaint when the plaintiffs rested was not predicated on this ground, but was limited to the insufficiency of the evidence to show that the plaintiffs were the procuring cause of the sale. The latter ground has been abandoned, and the defect now pressed cannot be invoked for the first time on appeal. If it existed, it was incumbent on the defendant to direct attention thereto at a time when there was opportunity to supply the omission. A motion for a nonsuit, or a motion to dismiss the complaint, to be effectual, must specify the defects supposed to exist.   Binsse v. Wood, 37 N. Y. 526, 532; Flandrow v. Hammond, 148 N. Y. 129, 42 N. E. 511.

Secondly, no motion was made by the defendant at the close of the case for a nonsuit or dismissal. This conceded that there were issues of fact to be determined.   Hopkins v. Clark, 158 N. Y. 299, 53 N. E. 27.

Finally, there is no foundation for the contention that there was no proof of the value of the services. The record shows that, in the course of a conversation which took place between one of the plaintiffs and the attorney and agent of the defendant, the amount of the demand was mentioned, and its reasonableness, so far from being questioned, was acquiesced in, the attorney merely demanding that his fee be paid out of the brokerage. In no aspect of this case would interference with the judgment be justified.

Judgment affirmed, with costs to the respondents.   All concur.