HOLMES v. ERIKSEN et al.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

TRIAL—QUESTIONS FOR JURY—BROKER'S COMMISSIONS—SALES.

Plaintiff alleged, in an action for broker's commissions, that he effected a verbal agreement of sale of defendant's ship between defendants and S., who subsequently told plaintiff that his arrangements for the purchase money had fallen through, but he would arrange to purchase the ship later. Six weeks later the sale to S. was effected through other brokers, without notice to plaintiff. Defendant's evidence tended to show that the original agreement had been abandoned by plaintiff, and the subsequent sale to S. was made on behalf of himself and parties other than those with whom S. was associated in the contemplated purchase from plaintiff. *Held*, that the questions whether the sale was effected through plaintiff's agency, and whether plaintiff's effort had been abandoned, were properly submitted to the jury.

Appeal from trial term, Kings county.

Action by Samuel Holmes against Carl E. Eriksen and others. From a judgment in favor of the plaintiff, and an order denying defendants' motion for a new trial, they appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

La Roy S. Gove, for appellants.
George Bethune Adams, for respondent.

GOODRICH, P. J. The action is for broker's commissions on the sale of the steamer Douglass. The trial resulted in a verdict for the plaintiff. There was evidence on the part of the plaintiff tending to show the following facts: The plaintiff, a ship broker, was authorized by the defendants to sell the vessel upon certain terms. Spratt, who was a resident of British Columbia, called on the plaintiff about February 25, 1898, with a letter of introduction, and stated his desire to purchase a steamer for the Klondike

trade. Holmes called his attention to the Douglass, and went with him to examine her. Subsequently he arranged an interview between Donald, one of the defendants, and the managing owner and Spratt, which resulted on the 26th in a verbal agreement between Spratt and Donald for the purchase. Spratt was to call on Holmes within a day or two to complete the purchase, but failed to do so. On March 7th, after Holmes had written him two letters, Spratt called and told Holmes that his arrangements for the purchase money had fallen through, but that he would communicate with other friends, and would return and complete the purchase. Nothing further was done by Holmes until he saw a notice in the Herald about May 2d that the vessel had sailed for British Columbia. He called on Donald, who said that Spratt had purchased the steamer. The defendants' counsel admitted, by stipulation, that the vessel was conveyed by bill of sale to Spratt on April 21st. The defendants' evidence tended to show that the original transaction for the sale of the steamer between them and Spratt had fallen through and had been abandoned by the plaintiff, that the subsequent sale was made to parties other than those with whom Spratt was associated in the contemplated purchase, and that this subsequent purchase was consummated by and through Machen, another broker, to whom the defendants paid a commission therefor. On this evidence the court properly submitted to the jury the questions whether the sale was effected through the plaintiff's agency, whether he was the procuring cause of the sale, and whether he abandoned his effort to sell the vessel. The verdict determines all these questions in favor of the plaintiff.

The defendants contend that they were part owners of the vessel, and as such only tenants in common, and that Donald had no authority to bind the other defendants. But there was evidence sufficient to show that he was their agent, and that they assented to his arrangements with the plaintiff. There was a motion at the close of the plaintiff's evidence, and also at the close of the whole evidence, to dismiss on specific grounds, not including the one in question, and there was no exception to the charge which raised the question. It is too late to raise the question on appeal. Rusher v. Brennan, 29 Misc. Rep. 142, 60 N. Y. Supp. 283; Flandrow v. Hammond, 148 N. Y. 129, 42 N. E. 511. We find no error suggested in the other exceptions, and the judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.