(34 Misc. Rep. 191.)

EINSON v. NORTH RIVER ELECTRIC LIGHT & POWER CO. et al.

(Supreme Court, Appellate Term. February 25, 1901.)

1. TRIAL—DISMISSAL.
Defendant concedes that the testimony is sufficient to authorize the submission of the case to the jury by failing to except to a refusal to dismiss at the close of the case.

2. PLEADING—INCONSISTENT CAUSES OF ACTION—ELECTION.
When it plainly appears that the causes of action alleged are inconsistent, defendant should move to compel plaintiff to elect before answering, and, if defendant fails to do so, it is no abuse of the court's discretion to refuse to compel an election at the trial until the close of the testimony.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Ettie Einson against the North River Electric Light & Power Company and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

Beardsley & Hemmens, for appellants.

Lenney & Donovan, for respondent.

O'GORMAN, J.   The testimony offered by the plaintiff clearly required the submission of this case to the jury.   Clarke v. Railroad Co., 9 App. Div. 51, 41 N. Y. Supp. 78;  O'Flaherty v. Same, 34 App. Div. 75, 54 N. Y. Supp. 96;  Dwyer v. Electric Co., 20 App. Div. 124, 46 N. Y. Supp. 874.   Indeed, this much seems to have been conceded by the defendants' failure to except to the court's refusal to dismiss at the close of the entire case.   Rusher v. Brennan (Sup.) 60 N. Y. Supp. 283.   The charge of the learned justice was fair and correct, and as favorable as the defendants had a right to expect.

No error was committed in refusing to compel the plaintiff to make her election at the opening of the case as to whether she would proceed on the ground of negligence or on the ground of a nuisance.   The election was made at the close of the testimony, and the question as to when a party will be required to indicate an election upon the trial rests within the discretion of the court.   As said in Tuthill v. Skidmore, 124 N. Y. 148, 26 N. E. 348:

"When, as in the case at bar, the inconsistency plainly appears on the face of the complaint, the defendants should, before answering, move that the plaintiff be compelled to elect.   Cassidy v. Daly, 11 N. Y. Wkly. Dig. 222.   If, in such a case, the defendant lies by until the trial, and then moves, the court may, in its discretion, wait until part or all of the evidence is taken before deciding the motion."

This appeared to be the only point strenuously urged upon the argument by counsel for the appellant, and it is quite obvious his contention cannot be upheld.   We have examined the other errors assigned, but they are all without merit, and the judgment appealed from must be affirmed.

Judgment affirmed, with costs.   All concur.