EXCELSIOR SUPPLY COMPANY v. CHARLES A. STICKNEY COMPANY.[1]

October 15, 1909.

Nos. 16,371—(149).

**Sale — Evidence of Rescission.**

In an action for goods sold, a finding that the contract was rescinded by mutual consent as to a particular number of the articles is supported by evidence that the articles were returned as defective and retained by the vendor for four months.

**Defect in Manufactured Article — Notice of Claim.**

When a merchant, the vendor of a manufactured article, notifies the vendee that, to obtain credit for defective appliances, he must apply to the manufacturer, a shipment of the article to the manufacturer by the vendee, with notice of claim, is a proper assertion of the claim and demand for credit.

Action in the municipal court of St. Paul to recover $66.75 balance of the purchase price of certain goods sold and delivered. The answer alleged that by mutual agreement the sale of the goods was rescinded and the goods returned to and accepted and retained by appellant. The reply was a denial. The case was tried before Finehout, J., who made findings of fact and as conclusion of law found in favor of defendant. From an order denying plaintiff's motion for a new trial, it appealed. Affirmed.

*Wm. B. Henderson* and *Chas. J. Andre,* for appellant.
*William W. Cutler,* for respondent.

O'BRIEN, J.

The appellant, a corporation engaged in wholesale merchandising at Chicago, on April 30, 1907, sold and delivered to respondent one hundred manufactured appliances, used in gasolene engines, and known as "Jewel spark plugs." The plugs were manufactured by Pittsfield Spark Coil Company, of Pittsfield, Massachusetts, and put up in boxes at the factory, marked, "Guaranteed 90 days." On June 19, 1907, the respondent, upon the claim that the same were

[1]Reported in 122 N. W. 870.

defective, shipped to the manufacturer, the Pittsfield Company, eighty-nine of the plugs, together with twenty-nine other plugs manufactured by the same company, and also purchased from appellant. The Pittsfield Company received the articles, but apparently did nothing concerning them until about October 8, 1907, when the plugs were examined and tested by the witness John E. Wood, an employee of the manufacturing company, who found, as he claims, that seventy-eight of the plugs were perfect, eight broken by improper use, and two defective; and on that date he wrote the respondent, in the name of his company, rejecting the respondent's right to credit for the eighty-nine Jewel plugs, but credit was conceded for the other twenty-nine plugs received at the factory at the same time. On December 14 the Pittsfield Company expressed the eighty-nine plugs to respondent, who refused to receive them. In the meantime the appellant had drawn upon the respondent for the entire purchase price, but payment was refused for any of the plugs so claimed to be defective. The balance of its indebtedness was paid by respondent. After the announcement of its position by the manufacturer, the appellant credited the respondent with price of the twenty-nine plugs. This action for the purchase price of the remaining eighty-nine, amounting to $66.75, was commenced in June, 1908.

The respondent had judgment in its favor, based upon the finding that "on or about June 19, 1907, by mutual agreement between plaintiff and defendant, the sale of said eighty-nine spark plugs from plaintiff to defendant was rescinded and canceled.   *   *   *"  This finding is attacked by appellant as not sustained by the evidence. Appellant further assigns as error the admission of certain evidence hereafter stated.

In order to justify the finding above quoted it must be held that the shipment to the manufacturer at Pittsfield was as effective as if made to the appellant at Chicago. The treasurer and buyer of the respondent testified to the receipt of a letter from appellant, which he stated he could not find after searching the files of his office; but after the ruling that the contents of the letter might be given orally no attempt was made to do so, except that later in his testimony the witness said that the reason the plugs were returned to Pittsfield

"was because they ordered us some time to return them; that plaintiff acted as agent for them." On motion this answer was stricken out. Again, on cross-examination, he was asked under whose instructions the goods were returned, and answered, "The letter of the Excelsior Supply Company." This does not constitute error, nor evidence sufficient to justify the shipment to the manufacturer; but we think the evidence produced by appellant established the fact that the proper method to be followed by the respondent, for the purpose of obtaining credit because of defective articles, was to make its claim to the manufacturer.

Mr. Kennedy, the representative of appellant, testified, "It is my personal recollection that I directed the Charles A. Stickney Company to return any of the spark plugs that were defective to the Pittsfield Spark Coil Company if they wished to get credit for them," and that whenever a defect is claimed "we always refer the party to the manufacturer for any credit they may claim." No objection was made to this procedure when adopted by respondent. Upon the contrary, it was confirmed as to twenty-nine of the plugs returned, and the reason given for refusing credit for the remainder was, not because they were shipped to the manufacturer, but because the manufacturer claimed they were not defective in fact. If the plugs were defective, the respondent, under the testimony, had the right to return them, as it did, to the manufacturer, and would be entitled to credit upon its account with the appellant for their purchase price. The appellant by its own showing referred the question of the truth of any such claim to the Pittsfield Spark Coil Company, so that, if that company acquiesced in the claim, the result was a mutual agreement between these parties for such credit.

The respondent made its claim and submitted it to the Pittsfield Company upon June 19. It was the duty of that company, if it did not acquiesce, to repudiate the respondent's claim within a reasonable time. It took no action until October 8, and retained the articles until December 14. The trial court was justified in holding that it had acquiesced in the claim made by respondent. Whether such acquiescence be held to be a rescission of the original contract, or a

conclusion arrived at in accordance with its terms, is immaterial, as its effect is the same.

Error is assigned because of the admission of certain exhibits containing part of the correspondence between the parties. Some of these may have been immaterial but their admission constituted no prejudicial error.

Judgment affirmed.