WILLIAM EDWARD HOLLOWAY *v.* J. EDWARD HORN.

(No. 6930)

Submitted November 4, 1931.    Decided December 12, 1931.

*J. N. Kenna* and *Brown, Jackson & Knight,* for appellant.
*Price, Smith & Spilman,* and *Ruby R. Vale,* for appellee.

LITZ, PRESIDENT:

This suit was instituted June 10, 1925, for discovery and accounting.

Plaintiff, William Edward Holloway, and defendant, J. Edward Horn, met in 1918. Shortly afterward Holloway, then without means, induced Horn, who apparently possessed considerable wealth, to join him in an Oklahoma oil investment, which at once proved profitable and the two became close business friends. In March, 1919, Holloway introduced Horn to John H. Kresge, who owned or controlled the captial stock of Black Band Consolidated Coal Company, a corporation, owning and operating coal mining plants in Kanawha County, West Virginia, and its subsidiary, Kanawha Central Railway Company, owning and operating a short line of railroad in said county to serve the mines of the coal company. After some negotiations between Kresge, Horn and Holloway, looking to the formation of a syndicate to purchase the stock and assets of the two companies, Horn bought the property himself; paying therefor about $60,000 and assuming the indebtedness of the corporations amounting to over $500,000. Holloway received from Kresge a part of the net sale price for interesting Horn in the property. Being without ready funds sufficient to meet the demands of the business, Horn called on Holloway, who had recently been sucessful in oil stock deals, for financial assistance. Holloway responded by advancing to Horn, November 25, 1919, $10,000 to be treated, at the election of Holloway, as a loan, or as an investment in the venture. Subsequent advancements were made by Holloway to Horn, upon the same condition, amounting to $98,000 as of May 24, 1920. On or about May 8, 1920, Holoway and Horn purchased an alleged one-tenth interest owned by C. E. Lewis in the stock and assets of the corporations for $35,000. On January 8, 1921, a 1,000—acre tract contiguous to the properties of the Black Band Consolidated Coal Company, and designated in the suit as the Bull Creek

land, was conveyed to Holloway in consideration of $96,000, for the benefit of himself and Horn.

The original bill alleged that Holloway had elected to treat the advancements to Horn as loans, and that the Bull Creek land and the C. E. Lewis interest in the corporations belonged to Holloway and Horn in proportion of the respective amounts contributed by them to the purchase price of each property. The answer of Horn denied that C. E. Lewis had owned any interest in the stock or assets of the corporations, and averred that Holloway owned one-third and Horn two-thirds, undivided, of the Bull Creek land, and that Holloway had elected to treat the advancements to Horn as an investment in the corporations. The cause was referred to a commissioner in chancery to ascertain and report (1) the moneys, with interest, advanced by Holloway to Horn in connection with the purchase by Horn of the capital stock and assets of the Black Band Consolidated Coal Company and Kanawha Central Railway Company, and the moneys, with interest, paid by Horn in connection with the purchase of said properties, and the balance due, if any, to either party in consequence of the transaction; (2) the moneys, with interest, advanced by Holloway to Horn, or for his account, and the moneys with interest, paid or advanced by Horn for Holloway's acount, in connection with the purchase of the Bull Creek land, and the balance, if any, owing to either party by reason of the transaction; (3) the moneys, with interest, advanced by Holoway to Horn, or for his account, if any, in connection with the purchase of the interest of Charles E. Lewis in the capital stock and assets of Black Band Consolidated Coal Company and Kanawha Central Railway Company, and the moneys, with interest, advanced by Horn, if any, for the purchase of said interest, and the balance, if any, owing to either party by reason of the transaction; (4) what interest, if any, Holloway is entitled to in the capital stock and assets of the Black Bank Consolidated Coal Company and Kanawha Central Railway Company by virtue of the matters set up in the pleadings herein, and what liens, if any, exist upon said interest in favor of Horn; and (5) what interests Holloway and Horn, respectively, are entitled

to in the Bull Creek land, and what liens, if any, exist upon the respective interests of each for the benefit of the other.

After completion of the proof before the commissioner, which tended to establish an election on the part of Holloway to treat the advancements as an investment, he filed an amended bill, May 17, 1927, stating, in substance, that if it should be determined that he had so elected, then he would rely upon acts of malfeasance and fraud committed by Horn against him and *devastavits* committed by Horn in the management of the property of the Black Band Consolidated Coal Company and Kanawha Central Railway Company (a) by fraudulently with-drawing from the funds of the corporations for his own benefit money in excess of $100,000; (b) by neglecting and refusing to pay to the federal government stock stamp tax due and owing it on the capital stock issued by the corporations; (c) by failing and neglecting to keep or cause to be kept proper and accurate books of account of receipts and disbursements of the corporations; (d) by refusing and neglecting to render adequate, proper or true accounts of the business of the corporations to complainant; (e) by failing and neglecting to cause to be held meetings of the directors or stockholders of the corporations; (f) by managing and conducting the business and affairs of the corporations as his individual business and for his sole benefit, advantage and enjoyment; and (g) by improperly, negligently, wrongfully and fraudulently managing, conducting and carrying on the affairs and business of the corporations and misappropriating their funds to their financial injury and to the irreparable damage of the complainant.

The amended bill prays for the same relief sought in the original, and further asks, if the charges alleged against defendant are found to be true, that a decretal judgment be entered against him in favor of complainant for all moneys, with interest, contributed by him to the joint adventure. Defendant again answered, denying all the charges in the amended bill. The commissioner then reported: that in August, 1920, Holloway elected to treat the advancements to Horn as an investment in the stock and assets of the corporations; that Horn had invested $607,916.08 in the

joint adventure; that the Bull Creek land had been conveyed
to Holloway for the benefit of Horn and himself in the pro-
portions of two-thirds and one-third, respectively; that
$12,067 of the purchase price had been contributed by Hol-
loway and $92,699.66 by Horn; that Holloway was indebted
to Horn by reason of the purchase of said land in the sum of
$30,886.10; that C. E. Lewis had owned one-tenth of the
stock and assets of the coal and railway companies which
was purchased by Holloway and Horn in the proportions
of the respective amounts contributed by each to the pur-
chase price; that Holloway had contributed $26,148 and was
entitled to .747 of the interest, and Horn $10,875.98 and
was entitled to .253 thereof; that Holloway by reason of
the advancements to Horn, which he later elected to treat
as an investment in the joint enterprise and the money con-
tributed by him to the purchase price of the C. E. Lewis
interest therein, is entitled to .20673 of the capital stock and
assets of said corporations and Horn to the remainder, or
.79327. The commisioner further reported that defendant
had dealt fairly with complainant. To this report, com-
plainant filed 115 specifications of exception. Thereupon,
the decree (complained of) was entered, sustaining the find-
ing of the commissioner that Holloway had elected to treat
the advancements as an investment, and finding that Horn
had not committed any "intentional" fraud upon Holloway,
but that he had "failed to keep accurate records and books
of acount so as to be in position at all times to disclose clearly
to plaintiff the exact financial relationship of himself and
the plaintiff to the joint enterprises, and especially Horn's
own relationship thereto;" and finding further that the fore-
going duty was as a matter of law "doubly binding and
exacting on Horn in view of the fact, as disclosed by the
evidence, that he was in sole control and was alternately
commingling his own funds and those of the joint advent-
ures;" that the evidence as to his financial transactions, in-
cluding advancements, loans and withdrawals is not suffi-
cient to enable the court to ascertain accurately and satis-
factorily his investment in or advancements to the various
enterprises and the proportional interests of the plaintiff

and defendant therein; and that "under such a state of fact, Holloway is entitled to a rescission of his election of investment as prayed for in the amended bill." Judgment was accordingly entered against Horn in favor of Holloway for all of the moneys invested by Holloway in the joint adventures, with interest, aggregating $217,427.00.

The pleadings contain no charge of fraud based upon withdrawals by Horn from funds of the corporations prior to the election of Holloway, yet great emphasis is given to the finding of the commissioner that Horn had withdrawn $15,000 from the funds prior to that time and the claim that the amount was much greater. In view of the further finding of the commissioner that Horn had made advencements to the corporations largely in excess of the moneys withdrawn, it does not appear in what way Holloway was prejudiced by the withdrawals complained of. There is no evidence of representations by Horn to Holloway prior to the election as to the amount of moneys he had invested in the business.

The basis for rescission of the joint adventures is not, in our opinion, valid. If the affairs of the corporations were not being conducted satisfactorily to Holloway, he could have taken steps to inaugurate and maintain a proper system of management. And, further, the inability of Horn, because of his irregular management of the business, to fully establish his rights in the joint adventures is not ground for rescission. Moreover, the finding of the commissioner of the amounts contributed by Horn is supported by records and memoranda. In fact, Horn presented, according to his testimony, written evidence, of all receipts and disbursements of moneys belonging to the enterprises.

There is no foundation in the evidence for the charge that Holloway was induced by deception on the part of Horn to enter into the joint adventures or that he was thereafter guilty of fraudulent mismanagement of the business. Such being the case, no ground exists for rescision. *Procter and Gamble Co.* v. *Powelson,* 288 F. 299; *Hollister* v. *Simonson,* 55 N. Y. Supp. 372; *Runkle* v. *Burrage,* 202 Mass. 89, 88 N. E. 573; *Harm et al.* v. *Boatman et al.,* 128 Wash. 202, 222 Pac. 478.

The decree of the circuit court is reversed and the cause remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*