## J. J. SCHUTZ v. JOE TOSTOVE.[1]

March 2, 1934.

No. 29,676.

J. A. Cashel, for appellant.
Canfield & Michael, for respondent.

DIBELL, Justice.

Action to recover for merchandise sold and delivered. At the close of plaintiff's case the court dismissed the action on defendant's motion. The plaintiff appeals from an order denying his motion for a new trial.

The plaintiff sold and delivered to the defendant a mechanical corn-picker attachment at an agreed price. After using it for two weeks the defendant returned it. He claims a rescission by consent.

The evidence does not show a right of rescission in the defendant under § 69 of the uniform sales act, 2 Mason Minn. St. 1927, § 8443,

[1]Reported in 253 N. W. 372.

for a breach of warranty was not shown as a matter of law. All the evidence was not in when the motion to dismiss was granted. Nor was the plaintiff entitled to recover as a matter of law under §§ 63-64 of the uniform sales act, 2 Mason Minn. St. 1927, §§ 8437, 8438. If the defendant sustains a rescission, it is because there was one by consent. The rule is stated in 2 Williston, Sales (2 ed.) § 497:

"On the other hand, if the goods are in conformity with the contract and ownership has passed to the buyer, he cannot thrust them back upon the seller, or by leaving them on his premises impose a duty upon him to care for them. If under such circumstances the seller does take the goods back, and yet makes it clear that he is receiving them merely to dispose of them on account of the buyer to mitigate damages, he is restored to the position of a lienholder with the remedies of such a person against the goods. But he should make clear that he is not assenting to a rescission, for the normal inference from taking the goods back and resuming dominion over them is assent to a proposed discharge of the original sale."

And in § 561:

"And where the seller accepts the goods back he cannot recover the price, unless he revests himself with possession merely·as bailee or lienholder."

This rule is recognized in Excelsior Supply Co. v. Charles A. Stickney Co. 109 Minn. 46, 122 N. W. 870. And see Friedman v. Pierce, 210 Mass. 419, 97 N. E. 82; Schmid v. Klinck Packing Co. Inc. (Sup.) 189 N. Y. S. 534; Calos v. Gest (Sup.) 188 N. Y. S. 466; Brewster v. Wooster, 131 N. Y. 473, 30 N. E. 489.

■ The proof is of a sale and delivery of the attachment on October 23, 1930. The price was $175. No part of it ever was paid. It was not due. The defendant used the attachment for about two weeks. It was not wholly satisfactory. There were breakages, and repairs were necessary. On November 9, 1930, which was a Sunday, the defendant returned the attachment to the plaintiff's place of business in Adrian and left it at his store. Nothing was said about it.

The plaintiff knew that there was dissatisfaction with the attachment. He knew that there was trouble in making it work. Before the sale was made he had suggested to the defendant that he wait and see how the attachment worked; and he was hesitant about making the sale. The defendant was anxious to get the attachment and felt that he could make it work. On October 5, 1931, the plaintiff sold the machine to a third party for $5. This was about 11 months after it had been returned to him. In the meantime he had sent the defendant bills but had done nothing more. From the evidence it could be found as a fact that he acquiesced in the return and that there was a rescission by mutual consent. In Excelsior Supply Co. v. Charles A. Stickney Co. 109 Minn. 46, 122 N. W. 870, manufactured appliances used in gasolene engines were sold and delivered on April 30, 1907, and were returned by the buyer to the seller on June 19, 1907. He did nothing until October 8, 1907, when he wrote the buyer questioning his right to return, and later, on December 14, 1907, returned the property to the buyer. The trial court was sustained in its finding of a rescission by consent. Other cases of illustrative value are cited in the preceding paragraph.

The evidence is enough to sustain a finding of rescission by mutual consent. It does not require such a finding. In dismissing the action there was a holding that there was a rescission as a matter of law, and this was wrong. The question is to be determined as one of fact. There may or may not be a right of recovery.

Whether there was a breach of warranty, as claimed by the defendant, is not determinable on the record. The defendant testified on cross-examination under the statute and had something to say about it. His defense as far as based on a warranty is affirmative and was not reached.

*DEVANEY, Chief Justice,* absent in attendance upon board of pardons, took no part.

*PER CURIAM.*

For the reasons given in the foregoing opinion, prepared by the late Justice Dibell, and in harmony with the views of the court, the order appealed from is reversed.