## RELIANCE ENGINEERS COMPANY v. PATRICK C. FLAHERTY.[1]

November 7, 1941.

No. 32,942.

[1]Reported in 300 N. W. 603.

*Byron W. McCullagh,* for appellant.
*Joseph P. Johnson,* for respondent.

HOLT, JUSTICE.

Plaintiff appeals from the order denying its blended motion for judgment notwithstanding the verdict or a new trial.

Defendant operates a bowling alley at 2373 University avenue, St. Paul, and plaintiff a machine shop at 2418 University avenue. Early in December 1938, negotiations started between the parties for the installation in the bowling alley of a power blower or fan to remove the tobacco smoke caused by patrons. On December 12, 1938, defendant signed an order upon a sales blank of plaintiff for the installation, between Christmas and New Year's, in the bowling alley, of a "Blower Exhaust in ceiling * * *. This covers complete installation, wiring, pent house, duct work, and carpenter work, controls for damper and fan to be placed where wanted by owner," for "$285.00." At the bottom of the order were printed in large type plaintiff's name and address; and in writing on the left margin was: "Written guarantee for one year, fan & work to be satisfactory." After installation, on January 23, 1939, the parties met, and defendant paid plaintiff $105 and gave his promissory note for the balance of the job, *viz.,* $180, payable in installments of $60 on February 23, 1939, and $60 on the 23d of each month thereafter until paid. As a part of the transaction, both parties signed a conditional sales contract, plaintiff as seller and defendant as buyer of the fan installed. Nothing has been paid on the note except the first installment of $60, paid about a month after due. The conditional sales contract is the usual

lengthy document providing that title shall remain in the seller until full payment is made of the purchase price. It also contained this provision: "There are no understandings, agreements, representations or warranties, expressed or implied, not specified herein, respecting this contract or the property mentioned." There is no guarantee or warranty in the sales contract.

This action was brought to recover the $120 still due on the note. The complaint set forth the making and delivery of the note and the amount due and unpaid thereon, and also alleged that as a part of the transaction the conditional sales contract was given as an evidence of the indebtedness, and attached a copy thereof, exhibit A, to the complaint. The answer admitted making the note in suit, and the amount due and unpaid thereon, denied that the note was given as an evidence of indebtedness in conjunction with the sales contract, and alleged the note was given on account of the purchase of the fan under a warranty that the fan and installation would be guaranteed for one year, in three respects: (1) That when operated the smoke would be removed; (2) that the fan would be free from mechanical defects; and (3) that its installation would not damage the premises or fixtures of defendant. There was alleged a breach of the warranty in each respect, and that by reason of such breach defendant had sustained damage; but no amount of damage was alleged. Then the answer pleaded three counterclaims. The first is based on rescission for breach of warranty, asking the recovery of $165 paid. The second avers that in installing the fan plaintiff so negligently did the work that melting snow and ice leaked on the floor warping it, to defendant's damage in the sum of $40, and interrupted his business to his loss of $60. The third was for $21.38, the cost to him of repairs to the fan made in November 1939. The jury gave defendant a verdict for $165.

There are 11 assignments of error, but it will not be needful to pass on all. Since there must be a new trial, only those errors assigned which are likely to recur at such trial will be considered. Defendant having admitted the giving of the note and amount

due thereon, the only defense was breach of the alleged warranty of the article for the payment of which the note was given and resulting damage, or proof of the counterclaims pleaded. There was no proof offered as to the difference in value of the fan as installed and the purchase price. The first counterclaim to recover the amount paid is based on rescission of the sale. It may be assumed that the jury rejected the second and third counterclaims, basing the verdict wholly upon the first, for it is in the exact amount of the payments defendant had made. Defendant's testimony conclusively proves that the verdict cannot stand on the basis of rescission. Mason St. 1927, § 8423, provides:

"But, if, after acceptance of the goods, the buyer fail to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor."

And in § 8443(3) there is the provision that the buyer cannot rescind if he "fails to notify the seller within a reasonable time of the election to rescind." We have the allegation in the third counterclaim that in November 1939, ten months after installation and operation of the fan, it was still in use and it had come to the pass that repairs were imperative. Defendant made them. And also he testified that he so did without even notifying or requesting plaintiff, whose place of business was within a block of the bowling alley, to comply with its warranty, the year not having expired. The fact of such substantial repairs after many months of use defeats rescission. White Pine Lbr. Co. Inc. v. Madsen & Peterson, 166 Minn. 228, 207 N. W. 628; Stewart v. B. R. Menzel & Co. 181 Minn. 347, 232 N. W. 522; Holcomb & Hoke Mfg. Co. v. Osterberg, 181 Minn. 547, 233 N. W. 302, 72 A. L. R. 722; Heibel v. U. S. Air Conditioning Corp. 206 Minn. 288, 288 N. W. 393.

Error is assigned upon the reception in evidence of the order for the installation of the fan—exhibit 1. We think the ruling right. It was signed by defendant and accepted by plaintiff, and thereon are the words of guarantee upon which defendant predi-

cates his defense and counterclaim. It does not appear why it was not incorporated in the conditional sales contract executed when the order had been filled by the installation of the fan. Neither pleading nor the evidence suggests any reason for the variance in that respect between the order and the sales contract. No reformation of the latter was sought.

Defendant pleaded express warranty and representations as to specific matters. The evidence was addressed thereto. The court, however, over the protest of plaintiff, submitted implied warranty to the jury in rather a confusing manner, and also incorrectly, for instance:

"Now, ladies and gentlemen, as you perhaps know, warranties, like other contracts, are either express or implied. If they are express they are reduced to writing. And where there is an express warranty as to the quality and so forth it is in writing."

The court evidently overlooked the definition of express warranty in Mason St. 1927, § 8387. Plaintiff's assignment of error in respect to giving the charge of implied warranty must be sustained.

We do not think that plaintiff should have judgment notwithstanding the verdict on its cause of action. While it is clear that defendant's remedy by way of rescission is gone, it is probable that on another trial evidence may be forthcoming showing defective installation or work of the fan and loss to defendant therefrom, so as to justify an award of damages therefor.

Order reversed and a new trial awarded.