COMMISSIONER OF PUBLIC
SAFETY, Appellant,

v.

Steven Paul BARLOW, Respondent.

No. CO–84–573.

Court of Appeals of Minnesota.

Aug. 14, 1984.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Jeffrey S. Bilcik, Sp. Asst. Attys. Gen., St. Paul, for appellant.

Paul W. Rogosheske, Hastings, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

This is an appeal by the Commissioner of Public Safety from an order of the county court directing the Commission to expunge from respondent's record all references to a revocation and reinstatement proceeding. After having his license revoked, respondent was successful at an implied consent hearing and had his license revocation rescinded. The Commissioner argues that the county court lacked authority to order the Commissioner to remove all references to the revocation from respondent's record. We affirm.

## FACTS

Respondent Steven Paul Barlow's drivers license was revoked pursuant to Minn.Stat. § 169.123 (Supp.1983). Following an implied · consent proceeding the revocation was rescinded by the county court. This order was affirmed by a three judge panel of the district court.

Approximately two months later respondent Barlow moved in county court for an order directing the Commissioner of Public Safety to remove all references to the revocation from the record. The court granted the motion on January 24, 1984, ordering the Commissioner to remove from the record all references to the revocation and rescission. The court explained in an accompanying memorandum:

> [This court can] see no legitimate purpose for retaining on the Petitioner's driving record the fact that his license was revoked or reinstated pursuant to Minn.Stat. § 169.123. The petitioner was successful at his "implied consent" trial

and one shall not be branded as an alcohol-related offender when vindicated.

This appeal is from that order.

## ISSUE

Did the county court have the authority to order removal of all references to a drivers license revocation from respondent's drivers license record?

## ANALYSIS

Following an implied consent hearing, Minn.Stat. § 169.123, subd. 6 indicates that the court "shall order the revocation rescinded or sustained;" Minn.Stat. § 169.123, subd. 6 (Supp.1983). Here the court ordered rescission, and the same court subsequently ordered the Commissioner to remove all references to the revocation and rescission from the respondent's record.

 Rescission is a concept with roots in contract law. It means to erase the contract from the very beginning; 12 *Williston on Contracts* (3rd ed.) § 1454, p. 9 (1970). To rescind means to "undo ... from the very beginning;" *Abdallah, Inc. v. Martin*, 242 Minn. 416, 420, 65 N.W.2d 641, 644 (1954). In *Abdallah* the court quoted Black, *Rescission and Cancellation*, holding that to rescind was "not merely to terminate ... but to abrogate ... and undo ...;" 1 Black, *Rescission and Cancellation* (2nd ed.) 1 from *Abdallah* 65 N.W.2d at 644. To rescind in contract law the parties must be put in the same position they would have been had the contract never existed. In civil law it must be the same.

Rescission of the revocation of respondent's license which only results in reinstatement of driving privileges is not "rescission," it is only "reinstatement" pursuant to Minn.Stat. § 171.19. To rescind the revocation, the record of the respondent must be put in the same position it was before the revocation occurred. This means all blemish resulting from the revocation must be removed. The trial court was merely declaring what rescission must mean when ordering the Commissioner to expunge respondent's record. It was not overstepping its clearly delimited powers; Minn.Stat. § 487.14 (Supp.1983).

The Commissioner of Public Safety is required under Minnesota statute to file:

The name of every person whose license has been suspended or revoked by the department, and after each such name the reason for such action.

Minn.Stat. § 171.12, subd. 1(3) (1982). The reason for this statute is to serve the public interest by keeping accurate records of traffic offenders. No purpose is served by keeping on record a revocation found legally defective. To do so is to defeat the purpose of the statute on rescission. To expunge the record of extraneous or erroneous information, or information that is likely to lead to erroneous conclusions does serve that purpose. The county court did not exceed its authority by ordering the record be expunged, nor did its order amount to improper service of mandamus upon the Commissioner contrary to statutory provisions on mandamus; Minn.Stat. § 586.11 (1982).

## DECISION

The expunging of the record of drivers license revocation is a necessary part of judicial rescission authorized by statute.

**Affirmed.**