**James Scott AITKEN,
Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Appellant.**

**No. C4–84–1662.**

Court of Appeals of Minnesota.

April 30, 1985.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

James H. Kaster, Nichols, Starks, Carruthers & Kaster, Minneapolis, for respondent.

Heard, considered and decided by SEDG-WICK, P.J., and FOLEY and CRIPPEN, JJ.

## SUMMARY OPINION

SEDGWICK, Judge.

### FACTS

The Commissioner of Public Safety appeals a municipal court order requiring expungement from a driver's record of "any and all references in any way related to [a rescinded] revocation."

James Aitken was arrested for a DWI violation. A breath test revealed a blood alcohol concentration of .18. Pursuant to Minn.Stat. § 169.123 (1982), the Commissioner of Public Safety revoked Aitken's driver's license. Aitken challenged the revocation. A municipal court judge ordered the revocation rescinded because police denied Aitken his right to counsel by limiting him to one telephone call.

The municipal court denied Aitken's initial motion to expunge all references to the rescinded revocation from his record. The court granted a subsequent motion for expungement citing *Commissioner of Public Safety v. Barlow*, 352 N.W.2d 851 (Minn. Ct.App.1984).

By opinion filed March 29, 1985, the Minnesota Supreme Court overruled *Barlow*, *Barlow v. Commissioner of Public Safety*, 365 N.W.2d 232 (Minn.1985).

### DECISION

The trial court lacks authority, either by statute or under its inherent powers, to require the Commissioner of Public Safety to expunge from his records the revocation of respondent's driving privilege which was subsequently rescinded.

Reversed.

CRIPPEN, Judge (concurring specially).

Our review here is simplified by the supreme court decision in *Barlow v. Commissioner of Public Safety*, 365 N.W.2d 232 (Minn.1985). Present statutes permit continued use of records showing revocations that have been judicially rescinded on grounds that they were imposed after an unlawful arrest, or on the basis of an invalid test, or for other reasons set forth in Minn.Stat. § 169.123, subd. 6 (1984).

The review here produced these assertions for the Commissioner:

The information on the driver license record serves the very same interests (as arrest records), not only for the local prosecutor, but may also affect police decisions whether or not to make an arrest when the person is later apprehended in a "border line" situation. Both the officer on the street and the prosecutor who must later evaluate the case need such information to better assess the person's proclivity for recidivism, which can affect the degree of vigor with which a subsequent matter is investigated or prosecuted.

*       *       *       *       *       *

If all entries were expunged, (respondent) would be able to lie to trial judges, court services personnel conducting alcohol problem assessments, and to the Commissioner's own Driver Safety Analysts, asserting that he had never been involved in any alcohol-related incidents before, without any risk that any of them would be able to discover and confront him with the evidence of his prevarication. There is nothing in any statute, or in the Constitution, which requires that records be altered so that he can deceive police, the courts and the Commissioner in subsequent cases, and to prevaricate with impunity.

The arguments of the Commissioner strikingly illustrate the mischief in use of records about lawfully rescinded administrative action. Present practices involve a public agency in dissemination of information, some of it untrue, and this information is knowingly employed in the sensitive exercise of police and prosecutorial discretion.

In *Barlow*, we expressed concern about use of revocation records after judicial rescission:

To do so is to defeat the purpose of the statute on rescission. To expunge the record of extraneous or erroneous infor-

mation, or information that is likely to lead to erroneous conclusions does serve that purpose.

*Commissioner of Public Safety v. Barlow,* 352 N.W.2d at 852 (Minn.Ct.App.1984)

The pleas of litigants for an expungement remedy are an appropriate topic for legislative review.