**Wayne D. UTKE, et al., Appellants,**

v.

**CITY OF HOUSTON, et al., Respondents.**

**No. C1–87–2296.**

Court of Appeals of Minnesota.

April 26, 1988.
Review Denied July 6, 1988.

Patrick T. Tierney, Collins, Buckley, Sauntry & Haugh, St. Paul, for Wayne D. Utke, et al.

James Noble, Thomas M. Fitzpatrick, McDonald, Fitzpatrick, Schroeder & Smyth, LaCrosse, for City of Houston.

Jeffrey A. Hanson, Dunlap, Keith, Finseth, Berndt & Sandberg, Rochester, for Richard D. Dittman.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and FLEMING *, JJ.

## OPINION

FORSBERG, Judge.

Wayne Utke and his wife Bonnie (hereafter "Utke") commenced this action against respondents City of Houston and four of its officials (hereafter "City"). Following grant of partial summary judgment to the City as to count I of the complaint (which

alleged a claim under 42 U.S.C. § 1983), Utke voluntarily dismissed the remaining counts (which involved state law claims). This appeal followed entry of judgment. We affirm.

## FACTS

For the purposes of their cross-motions for partial summary judgment, the parties stipulated to the following facts. Utke, who is an honorably discharged veteran, was hired as a part-time police officer by the City in February 1984. The City subsequently removed Utke from his position effective January 30, 1985. It is undisputed that the requirements of Minn.Stat. § 197.46 (1984) were not met prior to his removal, and that he did not receive a "hearing, upon due notice, upon stated charges, in writing."

Utke thereafter claimed a violation of Minn.Stat. § 197.46 and demanded a contested case hearing under Minn.Stat. § 197.481. That hearing was held in May 1985 before an administrative law judge ("ALJ"), who issued his findings of fact, conclusions of law, and recommendation in July 1985. The commissioner of veterans affairs adopted the ALJ's recommendation in August 1985, and ordered that Utke be reinstated and awarded backpay.

In November 1985, Utke commenced this action. Although his complaint contains a number of counts, on appeal we are only concerned with count I, which is based on 42 U.S.C. § 1983, alleging deprivation of property and liberty rights without due process. At the close of the hearing on the parties' cross-motions for summary judgment, the trial court orally granted partial summary judgment to the City. It ruled that the remedy provided Utke under Minn. Stat. § 197.481 was adequate and "exclusive with respect to those claims asserted by [Utke] here under Count I of his Complaint, and specifically that [Utke] is not here entitled to any additional remedy" under 42 U.S.C. § 1983. The court further observed that any damages suffered by Utke during the period between his layoff

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

in January and his posttermination hearing in May would probably be nominal, but that if he suffered any permanent damage it was likely covered in one of the remaining counts of the complaint. In a subsequent stipulation, however, Utke voluntarily dismissed the surviving counts of his complaint.

This appeal followed issuance of a written order granting partial summary judgment and entry of judgment.

## ISSUE

Did the trial court err in granting summary judgment to the City and dismissing appellant's civil rights claim?

## ANALYSIS

On appeal from a grant of summary judgment, this court must determine if there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). We must view the evidence most favorably to the one against whom the motion was granted. *Abdallah, Inc. v. Martin,* 242 Minn. 416, 424, 65 N.W.2d 641, 646 (1954).

To establish liability, Utke must prove that a person acting under color of state law has deprived him of a constitutionally protected right or privilege. 42 U.S.C.A. § 1983 (West 1981). The City has conceded that it is a "person" subject to liability under section 1983 and that its actions were performed under color of state law. For the purposes of this appeal, the City has also conceded that Utke possessed a constitutionally protected property interest in his continued employment and a liberty interest in his good name and reputation.

Viewing the evidence most favorable to Utke, we will further assume that there was a deprivation of these interests.

Citing *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), Utke contends that the due process clause requires a pretermination hearing be held before a person can be deprived of a property or liberty right. Such a hearing, however, is already provided by Minnesota law. Minn.Stat. § 197.46 provides that a veteran may not be removed from employment without first receiving a "hearing, upon due notice, upon stated charges, in writing." It is undisputed that this procedure was not followed in Utke's case. Had it been followed, it is clear that the requirements of *Loudermill* and procedural due process would have been met. On appeal the City correctly reasons that *Loudermill* does not warrant reversal in this case because Utke does not challenge the procedures established by state law, but claims he was deprived of a property and liberty interest as a result of unauthorized acts by the City.

The United States Supreme Court has held that a negligent or intentional deprivation of a property interest will not violate the fourteenth amendment due process clause when the deprivation results from a "random and unauthorized act" by a state official, a predeprivation hearing is impossible, and the state provides an adequate postdeprivation remedy. *Parratt v. Taylor,* 451 U.S. 527, 541, 101 S.Ct. 1908, 1916, 68 L.Ed.2d 420 (1981) (negligent deprivations); *see also Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (intentional deprivations). Although *Parratt* has since been limited,[1] the *Parratt/Hudson* analysis may still be applied to procedural due process claims based on

---

1. In *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986), *Parratt* was overruled in part when the Supreme Court held that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." (Emphasis added.) Federal courts have also begun to limit *Parratt* to procedural (as opposed to substantive) due process claims. *New v. City of Minneapolis,* 792 F.2d 724, 725–26 (8th Cir.1986); *Smith v. City of* *Fontana,* 818 F.2d 1411, 1415 (9th Cir.), *cert. denied,* — U.S. ——, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987); *Morello v. James,* 810 F.2d 344, 348 (2d Cir.1987). *Accord Daniels,* 474 U.S. at 336, 106 S.Ct. at 677 (Stevens, J., concurring). Thus, a civil rights action asserting a procedural due process claim may not be maintained if based solely on a state official's negligent acts. *See Wilson v. City of North Little Rock,* 801 F.2d 316, 322 n. 3 (8th Cir.1986).

*intentional* deprivations of property or liberty interests.

■ We hold that Utke's case presents a procedural due process claim. Utke alleges that the actions of the City and its officials were not only negligent, but also "willful, intentional, [and] malicious." These actions were clearly "random and unauthorized" and as a result the state could not have provided a pretermination hearing. *See Parratt,* 451 U.S. at 541–43, 101 S.Ct. at 1916–17. The only remaining issue under *Parratt/Hudson* is whether state law provides an adequate postdeprivation or posttermination remedy.

■ While Utke did receive reinstatement and backpay under the posttermination remedy provided by Minn.Stat. § 197.481, he claims that he has not been fully compensated for his injuries because he suffered permanent injury to his reputation and a permanent deprivation of property due to the delay in receipt of wages. However, a state law remedy need not necessarily provide the same relief provided by section 1983 in order to be adequate. *Parratt,* 451 U.S. at 544, 101 S.Ct. at 1917 ("[a]lthough the State remedies may not provide [an injured person] with all the relief that may have been available if he could have proceeded under Section 1983, that does not mean that the State remedies are not adequate to satisfy the requirements of due process"). We hold that the remedy provided Utke under the veterans preference act was adequate. Moreover, even assuming Utke has not been adequately compensated, he could have continued with his other state law claims had he not voluntarily dismissed them. Because the posttermination state law remedies available to Utke were adequate to satisfy the requirements of due process, he is precluded from bringing this section 1983 action.

The City finally argues, apparently for the first time on appeal, that Utke's section 1983 claim is barred by res judicata, or in the alternative that it is moot. We find these arguments unpersuasive, and decline to analyze them more thoroughly since we rule in the City's favor based on *Parratt/Hudson.*

## DECISION

The trial court's grant of summary judgment to the City is affirmed.

