**JOHNNY'S, INC., d/b/a Pilgrim Cleaners and Launderers, Respondent,**

v.

**Chinyere Ike NJAKA, et al., Appellant.**

**No. C8–89–341.**

Court of Appeals of Minnesota.

Jan. 16, 1990.

Stephen A. Bard, Bard and Bard, Ltd., Minneapolis, for respondent.

James H. Levy, Levy & Miller, Minneapolis, for appellant.

Considered and decided without oral argument by HUSPENI, P.J., and SHORT and KLAPHAKE, JJ.

## OPINION

KLAPHAKE, Judge.

The trial court granted respondent's motion to rescind a stipulation of dismissal which had been entered into by the parties in 1983 in settlement of respondent's suit alleging appellant's breach of contract, unfair competition and trademark infringement. Appellant now challenges the effect of the rescission.

## FACTS

In 1976, appellant Chinyere Ike Njaka (Njaka) purchased the assets of the business known as Pilgrim Cleaners at its University Avenue and Olson Highway loca-

tions. The purchase specifically excluded "the trade name Pilgrim Cleaners, the corporate shell, accounts receivables and cash in bank." However, with payment of $100 per month, Njaka was given the right to use the trade name "Pilgrim Cleaners & Launderers" for the contract period. In addition, respondent, Johnny's, Inc. (Johnny's), agreed to include the University Avenue and Olson Highway locations in its Yellow Pages and newspaper advertisements.

In 1980, after learning Njaka had opened additional dry cleaning stores with the "Pilgrim" name and mark, Johnny's served a summons and complaint upon Njaka, alleging trademark infringement and unfair competition. The ensuing litigation was settled when both parties signed a stipulation of dismissal on November 30, 1983. The five page stipulation amended the provisions of the original purchase agreement regarding Njaka's use of the Pilgrim name and logo, the inclusion of the Njaka-owned stores in Johnny's advertisements, and the contracts for cleaning suedes and leather and processing pillows. In addition, the parties included an arbitration clause in the stipulation, and agreed that both parties would be responsible for advising inquirers that "Njaka Pilgrim" and "Pilgrim" were not affiliated organizations.

Disputes continued to arise between the parties over the terms of the settlement, which led to arbitration over the suede and leather contract, and court orders enjoining Njaka from using Johnny's "Pilgrim" logo or any "deceptively or confusingly similar logo or mark" in his signs, advertising and stationery, or using the "Pilgrim" name without prefacing it with the word "Njaka." Njaka was ordered to publish a retraction notifying the public of the distinction between the stores by June 30, 1987 or pay a daily fine for violation of the court's order. Finally, in June 1988, Johnny's moved the court for a cease and desist order and rescission of the stipulation of dismissal. Although the parties agreed adherence to the stipulation of dismissal was no longer "a viable alternative" for either party, Njaka disagreed with John-

ny's as to the proper relief accorded by rescission.

The trial court granted Johnny's motion for rescission and ordered Njaka to forfeit all rights to the "Pilgrim" name without reimbursement from Johnny's. Njaka appeals directly from the judgment of the court without having made an intervening motion for a new trial.

## ISSUE

Does the evidence sustain the findings of fact and do the findings sustain the trial court's conclusion that rescission of the stipulation and forfeiture of Njaka's rights to the "Pilgrim" name and logo is the only appropriate remedy?

## ANALYSIS

Rescission is the unmaking of a contract, *Abdallah, Inc. v. Martin*, 242 Minn. 416, 420, 65 N.W.2d 641, 644 (1954), which not only terminates the contract but abrogates it and undoes it from the beginning. *Id.* (citing 1 Black, *Rescission and Cancellation* (2d ed.)). Rescission is justified by a material breach of contract. *Liebsch v. Abbott*, 265 Minn. 447, 451, 122 N.W.2d 578, 581 (1963). Where the injury caused by the breach of contract is irreparable, or where the damages would be inadequate or difficult or impossible to determine, rescission is appropriate. *Marso v. Mankato Clinic*, 278 Minn. 104, 116, 153 N.W.2d 281, 290 (1967). Upon rescission the parties must be put in the same position they would have been had the contract never existed.

The trial court concluded it was impossible to measure Johnny's money damages for the loss of customers and good will resulting from the confusion between "Pilgrim Cleaners" and "Njaka Pilgrim Cleaners." The court also concluded an order for specific performance would be ineffective since Njaka had already willfully violated the terms of the stipulation of dismissal and other court orders to cease and desist from using the "Pilgrim" logo or one that was "deceptively and confusingly" similar.

The court's conclusions are not erroneous. In the first place, injunctive relief, not damages, is the statutory remedy for unlawful or deceptive trade practices and misuse of trademarks and trade names. *See* Minn.Stat. § 325D.45, subd. 1 (1988). Second, Njaka's noncompliance with previous court orders is sufficient to support the conclusion that the only way in which Njaka could be compelled to cease misusing the "Pilgrim" name and logo would be to deny him all rights to the use of either. Thus, rescission of the stipulation is the only available remedy for breach of this contract.

We find the trial court's order that Njaka forfeit all rights to the "Pilgrim" name and logo to be correct under either an equity or a substituted contract rationale.

> That a party seeking rescission of a contract must return, or offer to return, what he has received under it, and thus put the other party as nearly as is possible in his situation before the contract, is the law. But this rule is wholly an equitable one; impossible or unreasonable things, which do not tend to accomplish equity in the particular transaction, are not required.

*Proper v. Proper*, 183 Minn. 481, 484, 237 N.W. 178, 179 (1931) (quoting 5 Williston, Contracts § 1530 (rev. ed.)).

Contrary to Njaka's assertion that returning the parties to the status quo obliges Johnny's to compensate Njaka for the money he paid to purchase rights to the "Pilgrim" name, we find the evidence supports the trial court's conclusion that Njaka already received the benefit of both the use and misuse of the "Pilgrim" name and logo and cannot now be heard to complain he is without consideration. Additional compensation to Njaka would be inequitable.

The evidence also supports the theory that the stipulation of dismissal was a substitution for and an extinguishment of the antecedent claim, that is, the original purchase agreement. *See generally* Annot., 94 A.L.R.2d 504 (1964). The parties entered into the stipulation in part "to resolve all existing differences regarding the agreement and controversies arising from

said lawsuits and counterclaims." The terms of the purchase agreement, save the financing arrangements, were rewritten in the stipulation, and used as the operative description of the parties' rights and duties. Thus, rescission of the stipulation restored the parties to their pre-contract position wherein Njaka had no rights to the "Pilgrim" name and logo.

## DECISION

The evidence sustains the findings of fact and the findings sustain the court's conclusion that rescission of the stipulation without additional compensation to Njaka for his forfeiture of the "Pilgrim" name and logo is the proper remedy in this case.

Respondent's requests for an order striking appellant's reply brief and for attorney fees on appeal are denied.

Affirmed.