**FORD MOTOR CREDIT
CO., Respondent,**

v.

**Allen A. HERTZBERG, Appellant.**

No. C8–93–1316.

Court of Appeals of Minnesota.

Jan. 11, 1994.

Review Denied March 31, 1994.

Christopher J. Riley, Dorsey & Whitney, Minneapolis, for respondent.

Ronald A. Frauenshuh, Sr., Frauenshuh & Spooner, P.A., Paynesville, for appellant.

Considered and decided by KLAPHAKE, P.J., and PETERSON and HARTEN, JJ.

## OPINION

KLAPHAKE, Judge.

Allen Hertzberg appeals from summary judgment, arguing there are material issues of fact concerning the commercial reasonableness of respondent Ford Motor Credit Company's notice and sale of secured property. We affirm in part, reverse in part and remand for trial.

## FACTS

In 1989, appellant Allen Hertzberg (Hertzberg) financed the purchase of a truck through respondent Ford Motor Credit Company (Ford). When he was unable to make payments on the truck, Hertzberg attempted to sell it at a car lot owned by David Rose (Rose). Hertzberg agreed to sell the truck to Rose for approximately $14,000. Hertzberg and Rose notified Ford that Rose wanted to buy the truck and requested information regarding the amount due on the loan. Despite repeated calls, Ford did not provide the requested information.

Ford then repossessed the truck. Although Rose informed the repossessors that he wanted to purchase the truck, they told him that they were under orders from Ford only to repossess the truck. Ford sent Hertzberg notice that he could get his truck back by making his payments current or by paying off the loan. The notice also stated the car would be sold at the Minneapolis Auto Auction 20 days after the date of the notice, but it overstated the amount due by approximately $4,400. The truck was sold at auction for approximately $12,000, leaving a deficiency.

Ford sued Hertzberg for the deficiency. Hertzberg claimed that (1) Ford's notice was commercially unreasonable because it stated an incorrect amount due, and (2) the disposition itself was commercially unreasonable because Ford did not sell the truck to Rose or provide the information necessary to complete the sale. The district court granted summary judgment to Ford, holding that Hertzberg failed to raise any material issues of fact concerning the commercial reasonableness of either the notice or the sale.

## ISSUES

I. Did Hertzberg raise a material issue of fact concerning the commercial reasonableness of the notice under Minn.Stat. § 336.9–504(3) (1990)?

II. Did Hertzberg raise a material issue of fact concerning the commercial reasonableness of the sale under Minn.Stat. § 336.9–504(3) (1990)?

## ANALYSIS

In an appeal from summary judgment, we determine whether genuine issues of material fact exist for trial and whether the district court correctly applied the law. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989). Additionally, we view the evidence in the light most favorable to the nonprevailing party. *Abdallah, Inc. v. Martin*, 242 Minn. 416, 424, 65 N.W.2d 641, 646 (1954).

### I. Notice

Under Minn.Stat. § 336.9–504(3) (1990), notification is reasonable if it "was sent in sufficient time to enable those entitled to notice to take appropriate steps to protect their interest in the collateral."

*Chemlease Worldwide, Inc. v. Brace, Inc.,* 338 N.W.2d 428, 434 (Minn.1983). Further, the notice of sale must be properly addressed. *Id.* "[T]he reasonableness of the notification generally depends upon the collateral involved and other circumstances peculiar to each case." *Id.*

Hertzberg did not raise a material issue of fact concerning the reasonableness of the notice. In protecting his interest in the truck, Hertzberg had reasonable time in which to make arrangements. Moreover, the statute did not require Ford to inform Hertzberg of the amount of debt remaining. *See* Minn.Stat. § 336.9–504. We believe the misstatement of the amount due was not so substantial as to render the notice commercially unreasonable. Accordingly, the district court properly granted summary judgment to Ford on the notice.

## II. Disposition

A secured party seeking a deficiency judgment must dispose of collateral in a commercially reasonable manner. *Karlstad State Bank v. Fritsche,* 374 N.W.2d 177, 181 (Minn.App.1985). The sale may be public or private, but "every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable." Minn.Stat. § 336.9–504(3). Whether a sale is commercially reasonable is a question of fact. *Karlstad,* 374 N.W.2d at 181.

The secured party bears the burden of proving commercial reasonableness. *Elk River Ford, Inc. v. Hoecherl,* 428 N.W.2d 857, 859 (Minn.App.1988). Once the secured party presents a prima facie case, the party contesting the sale must show specific evidence of commercial unreasonableness and of the loss incurred. *Karlstad,* 374 N.W.2d at 181. Allegations that a better price could theoretically have been obtained at a different time or through a different method of sale alone are insufficient to raise a factual issue as to commercial reasonableness. *See* Minn.Stat. § 336.9–507(2) (1990); *see also Fedders Corp. v. Taylor,* 473 F.Supp. 961, 973 (D.Minn.1979).

Here, the facts favorable to Hertzberg show not only that a better price could theoretically have been obtained, but that in fact a better price would have been obtained had Ford sold the truck to Rose. Hertzberg believed the pay-off figure in the notice was incorrect. He and Rose agreed to a purchase price, but they were unable to complete the purchase because Ford did not give them the information they requested. Ford repossessed the truck and sold it at a dealer auction for less than the purchase price. We conclude these facts raise a question as to the commercial reasonableness of Ford's actions after it was notified of the purchase agreement.

## DECISION

Hertzberg failed to raise a material fact issue where Ford's notice provided Hertzberg with sufficient time to protect his rights in the truck, even though the notice stated an incorrect amount due. Where, however, Ford had notice of the purchase agreement between Hertzberg and Rose before it sold the truck at a lower price, a material fact question exists concerning the commercial reasonableness of the sale.

**Affirmed in part, reversed in part, and remanded for trial.**