John C. KUHL, trustee for the Estate and next of kin of Julian J. Kuhl, Respondent (A03–411), Appellant (A03–431),

v.

Ruth Ann HEINEN, Appellant (A03–411), Respondent (A03–431),

Elenore TORBORG, a/k/a Ella Torborg, Respondent,

Richard ROE, et al., Defendants.

Nos. A03–411, A03–431.

Court of Appeals of Minnesota.

Dec. 17, 2003.

John H. Bradshaw, Bradshaw & Bryant Law Offices, Eden Valley, MN, for respondent/appellant John C. Kuhl.

Timothy R. Murphy, Stephen M. Warner, O'Neill & Murphy, LLP, Saint Paul, MN, for appellant/respondent Ruth Ann Heinen.

Deborah C. Eckland, Goetz & Eckland, P.A., Minneapolis, MN, for respondent Elenore Torborg.

Considered and decided by TOUSSAINT, Chief Judge; WILLIS, Judge; and SHUMAKER, Judge.

## OPINION

WILLIS, Judge.

Appellants challenge the district court's grant of summary judgment dismissing their negligence claim against respondent. Appellants argue that the presence of children on or near respondent's driveway distracted one of the appellants, who was driving on the adjacent highway, that respondent was negligent by allowing children from her in-home daycare center to gather on or near her driveway, and that respondent's negligence was a proximate cause of injuries suffered by the brother of one of the appellants in a collision with the other appellant. Because we conclude that respondent owed no duty to motorists on the highway to prevent children from gathering on or near her driveway, we affirm.

## FACTS

On September 22, 1999, a motorcycle operated by Julian J. Kuhl collided with a sports-utility vehicle operated by appellant Ruth Ann Heinen. Kuhl suffered massive head injuries. The collision occurred on County Road 71 in rural Stearns County, in front of respondent Elenore Torborg's home, from which she provides licensed daycare services.

At approximately 5:00 p.m. on the day of the accident, Heinen was driving her vehi-

cle southbound on County Road 71 on her way to pick up her two children from daycare at Torborg's home. The weather was clear, and the road was dry. Heinen slowed and activated her turn signal in preparation for turning left into Torborg's driveway. She noticed her seven-year-old daughter, Michelle, standing by a tree on Torborg's property near the junction of the driveway and the highway, and saw a few other children on the driveway. She paused for a moment as the children moved off the driveway, and then began her left turn across the northbound lane of the highway and into the driveway. While her vehicle was crossing the northbound lane, Kuhl's motorcycle struck the passenger side of Heinen's vehicle. Heinen told investigating officers that she did not see the motorcycle.

Torborg typically did not allow children to be on the driveway or near the highway except as necessary to get from their parents' cars or the school bus to Torborg's house and back. On the day in question, the children had left a fenced play area, accompanied by Torborg, to await pick-up by their parents, who usually arrived at about the time of the accident. A handwritten "contract and policy statement" drafted by Torborg and signed by Heinen provided that, when the children were outside, Torborg would require them to stay inside the fenced area unless an adult was present. The contract and policy statement also provided that Torborg did not "want the children to go near the road or river" behind her home. Torborg testified at her deposition that she allowed school-aged children, including Michelle Heinen, to be near the highway while they waited for the school bus.

Appellant John Kuhl, as guardian for his brother Julian Kuhl, sued Heinen, alleging that her negligence caused his brother's injuries.[1] Kuhl later added Torborg as a defendant, alleging that she negligently allowed children in her care to be on or near her driveway, which distracted Heinen and was a proximate cause of Julian Kuhn's injuries. Torborg moved for summary judgment, arguing that, because the collision was not a foreseeable result of her actions, she owed no duty to Kuhl and could not be held liable for his injuries. The district court granted the motion. Kuhl and Heinen each appealed, and this court consolidated the appeals.

## ISSUE

Did the district court err by granting Torborg's summary-judgment motion on the ground that Torborg owed no duty to Julian Kuhl because the collision between Kuhl and Heinen was not a foreseeable result of Torborg allowing children to gather on or near her driveway?

## ANALYSIS

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law. Minn. R. Civ. P. 56.03. On appeal, the reviewing court must view the evidence in the light most favorable to the party against whom judgment was granted. *Abdallah, Inc. v. Martin*, 242 Minn. 416, 424, 65 N.W.2d 641, 646 (1954).

 Kuhl and Heinen argue that Torborg negligently supervised the children in

---

1. Julian Kuhl has since died, and John Kuhl has been appointed trustee for Julian Kuhl's estate.

her care because she should have foreseen that the presence of children on or near her driveway could lead to an accident involving motorists on the highway. Torborg contends that such a result was unforeseeable, and, therefore, she owed no duty to Kuhl. A defendant in a negligence action is entitled to summary judgment when the record reflects a complete lack of proof on any of the four elements necessary for recovery: (1) the existence of a duty of care, (2) a breach of that duty, (3) an injury, and (4) the breach of the duty being the proximate cause of the injury. *Lubbers v. Anderson,* 539 N.W.2d 398, 401 (Minn.1995). Existence of a duty in a negligence claim is a question of law. *H.B. ex rel. Clark v. Whittemore,* 552 N.W.2d 705, 707 (Minn.1996). The duty to exercise care is dictated by the exigencies of the occasion, and if no harm is foreseeable, there can be no negligence. *Austin v. Metro. Life Ins. Co.,* 277 Minn. 214, 217, 152 N.W.2d 136, 138 (1967). In determining whether a danger of injury is foreseeable, courts must consider whether it is objectively reasonable to expect that the specific danger will result in injury, not simply whether it was within the realm of any conceivable possibility. *Whiteford by Whiteford v. Yamaha Motor Corp., U.S.A.,* 582 N.W.2d 916, 918 (Minn.1998). It is axiomatic that an act or omission is not negligent unless the actor has knowledge or notice that it involves danger of injury to others. *Despatch Oven Co. v. Rauenhorst,* 229 Minn. 436, 447, 40 N.W.2d 73, 81 (1949).

■ Kuhl and Heinen assert that Torborg had knowledge that allowing children to be present on or near her driveway might lead to accidents on the highway and that this knowledge made the accident foreseeable and created a duty for Torborg to keep children away from her driveway. As purported evidence of Torborg's knowledge of the dangers, Kuhl and Heinen point to the provision of the daycare contract and policy statement concerning keeping children away from the highway, her knowledge that trees along the highway obscured vision into her driveway, her admission that she did not typically allow children to be around the driveway at pickup times other than as necessary to go from the house or play area to their rides, and the fact that several years earlier a child in her care was killed when the child wandered onto the highway and was struck by a car. Kuhl and Heinen argue that, at the very least, these factors make the issue of foreseeability a close question that should be submitted to the jury. *See Whiteford,* 582 N.W.2d at 918 (stating, "[w]hen the issue of foreseeability is clear, the courts, as a matter of law, should decide it. In close cases, the question of foreseeability is for the jury." (footnotes omitted)).

Torborg counters that her knowledge of the dangers posed by the highway created only a duty to protect the children from those dangers and that the only duty she owed to motorists was to prevent the children from creating hazards by going onto the highway or otherwise actively interfering with traffic on the highway, which did not happen here. Torborg further contends that foreseeability is not a close question because she could not have anticipated that allowing children to be on or near her driveway would prevent Heinen from seeing Kuhl approaching on his motorcycle.

Viewing the evidence in a light most favorable to Kuhl and Heinen, as we must, we conclude that Torborg could not have foreseen that allowing children to be on or near her driveway would lead to Kuhl's injuries.

## DECISION

Kuhl and Heinen have not shown that the presence of children on or near Torborg's driveway made the accident here foreseeable. They have not, therefore, established that Torborg owed a duty to Julian Kuhl, and the district court did not err in granting Torborg's motion for summary judgment.

**Affirmed.**